## PORTER HARNDEN v. HENRY F. MILLER.[1]

January 23, 1920.

No. 21,570.

**Contributory negligence of driver of motor — charge incorrect.**

Action for injury to plaintiff's automobile from a collision with defendant's car. Defendant denied negligence and charged contributory negligence on the part of plaintiff's wife, who was driving his car. The court charged the jury that plaintiff could not recover if the evidence showed plaintiff contributed to the injury. "Contributory negligence is such acts or things done by plaintiff that help to produce the injury or damage complained of. In order to defeat a recovery by plaintiff on the ground of contributory negligence on plaintiff's part, it must be shown by the testimony in the case that the plaintiff did nothing that was unlawful or wrong in the premises." *Held*: This is not a proper definition of contributory negligence. It omits entirely the want of ordinary care and subjects plaintiff to the same consequences for cautious as for negligent acts. [Reporter.]

Action in the district court for Martin county to recover $700. The answer alleged negligence on the part of the driver of the wrecked car. The case was tried before Dean, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Haycraft & McCune*, for appellant.

*Paul C. Cooper*, for respondent.

Per Curiam.

Plaintiff's wife was driving his automobile west on a country road. Defendant was driving an automobile east on the same road. They came into collision. Plaintiff's car was damaged and he brings this action to recover his loss. Plaintiff claimed on the trial that the collision was caused by defendant's negligence. Defendant denied negligence and charged contributory negligence on the part of the plaintiff's wife. Both questions were submitted to the jury. The jury found for defendant. Plaintiff appeals and relies for reversal on alleged errors in the charge.

The court instructed the jury as follows:

"I have stated that the defendant has pleaded contributory negligence.

[1] Reported in 175 N. W. 891.

And if you find from the evidence that the plaintiff contributed to the injury, then the plaintiff could not recover in this action. Now, contributory negligence is such acts or things done by plaintiff that help to produce the injury or damage complained of. In order to defeat a recovery by plaintiff on the ground of contributory negligence on plaintiff's part, it must be shown by the testimony in the case that the plaintiff did nothing that was unlawful or wrong in the premises."

This is not a proper definition of contributory negligence. The first part omits entirely the elements of want of ordinary care and subjects plaintiff to the same consequences for cautious as for negligent acts. The last sentence is contradictory and confusing and we think does not remedy the error.

Defendant contends that plaintiff's case is so clearly without merit that this error could not affect the result. We regard the case as one presenting a question of fact for a jury.

Order reversed.